**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo County Sheriff's Posse Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Navajo County Hashknife Sheriff's Posse Search & Rescue, et al.,<br><br>Defendants. | No. CV-24-08146-PCT-DJH<br><br>**ORDER** |

On July 19, 2024, Plaintiff Navajo County Sheriff's Posse, Inc. ("Plaintiff") brought suit against Defendants Navajo County Hashknife Sheriff's Posse Search & Rescue, Navajo County Hashknife Sheriff's Posse Pony Express Ride, John and Sheryl Turley, Robert and Lynn Black, Gregory and Jackie Long, John and Deborah Wehrman, and Scott and Elizabeth Self ("Defendants"), alleging federal and state trademark infringement violations. (Doc. 1). Presently before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 28). Therein, Plaintiff seeks to enjoin Defendants from using "Hashknife" trademarks and the trade names "Navajo County Hashknife Sheriff's Posse Search and Rescue", "Navajo County Hashknife Sheriff's Posse Pony Express Ride", and "Hashknife Pony Express." (Doc. 28 at 17).

The Court held a hearing on Plaintiff's Motion on December 12, 2024 (Doc. 33). At the hearing, Defendants agreed they would not use any "Hashknife" mark, term, or logo. (Doc. 36 at 46:20–47:15). Defendants maintained their objection to any injunction preventing them from using the phrase "Navajo County Sheriff's Posse Search and

1  Rescue" and/or its subsets. (*Id*. at 47:6–21). This Order thus solely addresses whether an
2  injunction should issue against Defendants for the alleged trade name "Navajo County
3  Sheriff's Posse Search and Rescue" or any of its subset iterations, e.g., "Navajo County
4  Sheriff's Posse," "Search and Rescue."
5        For the reasons set out below, the Court will deny Plaintiff's request.

**I.  Background**

Plaintiff is a non-profit organization that was incorporated in Arizona on February 3, 1984. (Doc. 1 at 6). The predecessor organization to Plaintiff was called the Hashknife Sherriff's Posse and it was formed in 1955 to be a search and rescue mission associated with the Navajo County Sherriff's Department. (*Id*. at 2). In addition to running search and rescue missions, this original Posse planned the annual "Hashknife Pony Express" event for educational and cultural purposes. (*Id.*) The Hashknife Pony Express is a race that requires "Hashknife cowboys" to pass mailbags to each other along a 200-mile route from Holbrook to Scottsdale, Arizona. (*Id.*) Plaintiff says the original Sherriff's Posse used the Navajo County Sheriff's Posse name, and that as its successor, it now owns the rights to the Navajo County Sheriff's Posse name. (*Id*. at 14). Originally, Plaintiff brought claims against the Defendants for the following terms and marks: "Hashknife Pony Express," "Navajo County Sheriff's Posse," the "Quarter Circle T-Brand" logo, and the term "Hashknife." Again, because Defendants stipulated to no longer using the term "Hashknife" during oral argument and also agreed to no longer using the "Quarter Circle T-Brand" logo, all that remains in dispute is the name "Navajo County Sheriff's Search and Rescue" and/or its subsets. (Doc. 36 at 46:20–47:15).

Defendant Navajo County Sheriff's Posse Search & Rescue is a non-profit organization that has been in existence under Arizona law since May 30, 2024. (Doc. 1 at 6). Defendants allege that they are the only group authorized by the Navajo County Sheriff's Department to conduct search and rescue missions. (Doc. 30 at 7). In fact, they argue they were created with the express purpose of conducting these missions and being the only group affiliated with the Navajo County Sheriff's Department after the

Department cut ties with the Plaintiff. (Doc. 30 at 2).

Defendants also argue that Plaintiff has no ownership interest in the name Navajo County Sheriff's Posse. They point out that Plaintiff is no longer affiliated with the Navajo County Sherriff's Office ("NCSO")[1] and no longer conducts search and rescue missions for NCSO, which was the main reason for Plaintiff's inception and creation. (Doc. 30 at 2). Additionally, Defendants allege that Navajo County Sheriff's Posse Search & Rescue came into existence when the NCSO sought to create a new posse to conduct search and rescue missions for the NCSO. (*Id.*) They say the NCSO has issued cease and desist letters against Plaintiff and Plaintiff has been contacted by the Navajo County City's Attorney's Office to stop affiliating itself with the NCSO by using the same or similar name. (*See* Doc. 30–5). Defendants also state that they are the only search and rescue mission authorized by the NCSO to operate with and affiliate themselves with the NCSO. (Doc. 30 at 11). In sum, Defendants dispute that Plaintiff can stop them from using the term "Navajo County Sheriff" because they allege that Plaintiff is no longer associated with the Navajo County Sheriff's Department—the sole owner of this name. (Doc. 30 at 10).

Plaintiff states that it has used the phrase "Navajo County Sheriff's Posse" for over 70 years and has been the only one to conduct, market, and promote the Pony Express Ride event. (Doc. 31 at 6). Plaintiff also states that the Sheriff's Department does not actually own any part of its name as a tradename under federal copyright law. (*Id.*) It points out that on May 25, 2021, the Arizona Secretary of State granted Plaintiff a Trade Name Certification for "Navajo County Sherriff's Posse, Inc." (Doc. 1 at 18; Doc. 1-2 at 10–12).

## II. Legal Standard

Preliminary injunctive relief is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). In seeking a preliminary injunction, a plaintiff must show that the plaintiff is likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def.*

---

[1] The Navajo County Sheriff's Office is not a named party.

*Council, Inc.*, 555 U.S. 7 (2008). In the alternative, a preliminary injunction can also be issued where plaintiff raised "serious questions going to the merits" of the claim and "the balance of hardships tips strongly in the plaintiff's favor. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This is true so long as plaintiff also demonstrates irreparable harm and shows that the injunction is in the public interest. *Id.* A sliding scale approach is used when assessing whether to grant a plaintiff a preliminary injunction under these standards. *Id.* The elements of the test are balanced. "[A] stronger showing on one element can offset a weaker showing on another." *Id.*

### III. Discussion

#### A. Likelihood of Success on the Merits

To prevail on a claim of trademark or trade name infringement under the Lanham Act or common law, a plaintiff must show that the plaintiff has (1) a protectible interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion. *Network Automation, Inc., v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011). With both tradenames and trademarks, common law rights are acquired by adopting and using the mark in commerce. *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1156 (9th Cir. 2001). With respect to common law use, a protectible interest in the mark or tradename, and therefore, standing to sue, can be shown by the plaintiff in one of three ways. *Halicki Films, LLC v. Sanderson Sales & Marketing*, 547 F.3d 1213, 1225 (9th Cir. 2008). Plaintiff can show that he or she is the (1) owner of a federal mark registration; (2) the owner of an unregistered mark; or (3) a nonowner with a cognizable interest in the allegedly infringed trademark. *Id.*

##### i. Protectible ownership interest

Both registered and unregistered trade names and trademarks are protected under the Lanham Act. *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225–26 (9th Cir. 2008). While federal registration of the mark or tradename is *prima facie* evidence of the validity of the mark and the registrant's right to use the mark in commerce, the true test of ownership is actual use and priority of use. *Sengoku Works v. RMC Int'l*,

96 F.3d 1217, 1219 (9th Cir. 1996); *Quiksilver, Inc., v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006). By showing that he used the mark in commerce first, a non-registrant can rebut the presumption that a registered trademark provides. *Sengoku Works*, 96 F.3d at 1220.

Here, neither party owns a federally registered trademark to "Navajo County Sheriff's Posse.").[2] Because Plaintiff cannot rely on the federal registration presumption, it argues that it and its predecessors were using the name for over 70 years prior to Defendants' use of it. (Doc. 28 at 7). Plaintiff argues its prior use supersedes Defendants' right to call themselves the Navajo County Sherriff's Posse Search & Rescue. (*Id.*)

Defendants argue that Plaintiff cannot have a common law right to use the Navajo County Sheriff's Posse because if anyone has that right, it is the Navajo County Sherriff's Department. (Doc. 30 at 2). They assert that the Navajo County Sherriff's Department, a non-party to this case, is the rightful owner of the tradename and can establish a superior claim of prior use. (*Id.*) Defendants note that the Navajo County Sheriff's Office is authorized by statute to maintain a volunteer posse to conduct a search and rescue operation. *See* A.R.S. § 11-441(C). They also provided evidence showing that the Navajo County Sheriff's Office has been asserting its exclusive right to the name and is preparing to bring litigation against Plaintiff to establish its own claim that it has prior use rights in the phrase Navajo County Sheriff. (Doc. 36 at 13:36:34). At the hearing, Defendants produced a recent cease and desist letter sent to Plaintiff from the Navajo County Attorney's Office, in which the Office said Plaintiff was risking legal action from the Navajo County Attorney's Office with Plaintiff's continued use of "Navajo County Sheriff's Posse." (Doc. 30-5 at 3). The Navajo County Sheriff's Department Navajo County Sheriff David M. Clouse filed a Declaration in support of Defendants, clarifying that Plaintiff is no longer an affiliate of the Navajo County Sherriff's Office. (Doc. 30-4 at 2).

---

[2] Plaintiff does have a state registration for the tradename "Navajo County Sheriff's Posse Inc." with an expiration date of April 25, 2029. (Doc. 28-1 at 13). Defendants also have a state registration for the tradename "Navajo County Hashknife Sheriff's Search & Rescue," with an expiration date of June 14, 2029. (Doc. 34-1 at 2).

- 5 -

To contend with this argument, Plaintiff correctly notes in its briefing and during its oral argument that government entities must establish trademark rights in the same manner as private entities. (Doc. 31 at 6; Doc. 36 at 13:13:18). *See also generally, Bd. Of Regents of the Univ. of Houston Sys. On Behalf of the Univ. of Houston Sys. & Its Member Institutions v. Houston Coll. of L., Inc.*, 214 F. Supp. 3d 573, 581 (S.D. Tex. 2016) (requiring a state university to establish its trademark right under the same factors used for private entities under the Lanham Act). The caveat or carveout to this however, as Plaintiff knows, is that a right can also be established through common use. *Pac. Supply Co-op. v. Farmers Union Cent. Exch. Inc.*, 318 F.2d 894, 896 (9th Cir. 1963) (setting out the common law rights for trademark infringement under prior exclusive use). Defendants assert that the Navajo County Sheriff's Department is the entity with the superior and consistent use of the term Navajo County Sheriff. (Doc. 36 at 13:37:03). Without the use of the phrase Navajo County Sheriff, all Plaintiff is left with is the term "Posse." Defendants point out that this is a generic term and not protected. (Doc. 30 at 14); *Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.*, 601 F.2d 1011, 1012 (9th Cir. 1979) (defining a generic term as one that refers to a genus or class of things and not the true source of a consumer product). Defendants also point out that they are now the only search and rescue operation directly affiliated with the Sheriff's Department. (Doc. 30 at 11). Defendants argue that they derive their permission to use the name from the Navajo County Sheriff's Department, the true rightful common law owner of the phrase itself. (*Id.*)

The Court agrees with Defendants that even under a common law trademark right, Plaintiff has not established it will show a superior use right to the phrase Navajo County Sheriff. That common law right most likely belongs to the Navajo County Sheriff's Department. The Department, as of now, has not given Plaintiff the right to use that term, nor has Plaintiff established that its common law use supersedes the Navajo County Sheriff's Department's common law use of this phrase. Unable to show a protectible interest in the phrase Navajo County Sheriff, the Plaintiff has not shown a likelihood of success on the merits of its trademark infringement claim.

### ii. Consumer confusion test

Finding above that the Plaintiff has not established that is has a protectible ownership interest in the tradenames, the Court will not address the consumer confusion test.

## B. Irreparable Harm

In the Ninth Circuit, irreparable harm used to be presumed in a trademark infringement action when likelihood of success on the merits was properly shown. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999). However, that is no longer the case since the Supreme Court's decision in *eBay* in 2006 and *Winter* in 2008. *Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1248 (9th Cir. 2013) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 338 (2006) and *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). For a plaintiff to prevail on this prong, the Plaintiff must show that irreparable injury is *likely*, not just a *possibility* if the injunction is not granted. *Herb Reed*, 736 F.3d at 1249. Irreparable harm will not be presumed simply because it is a trademark infringement action, rather it must be demonstrated, just like the other elements. *Id.*

Plaintiff told the Court during oral argument and in its briefing, that Plaintiff's irreparable harm arises from the trademark infringement itself. (Doc. 36 at 13:28:55; Doc. 28 at 14). In other words, Plaintiff contends it may suffer irreparable harm to its reputation and goodwill because it has no control over what Defendants may do or say about the similar name. But this possibility is simply not an argument that can withstand the high standard imposed on this Court to grant a preliminary injunction under Ninth Circuit standards post-*Winter*. *Herb Reed Enterprises, LLC*, 736 F.3d at 1248. Plaintiff cannot simply plead that infringement on its own shows irreparable harm, particularly where Plaintiff cannot establish he is likely to success on the merits of his common law ownership claim (a precursor to establishing any infringement). *Id.*

Having shown no actual irreparable harm, the Court finds that this prong does not favor Plaintiff.

### C. Balance of Equities

As to the third *Winter* factor, "district courts must give serious consideration to the balance of equities." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 475 (9th Cir. 2010) (citation omitted). In doing so, courts must consider "all of the competing interests at stake." *Id.* "The basic function of a preliminary injunction is to preserve the status quo pending a determination of the action on the merits." *Chalk v. United States Dist. Court Cent. Dist.*, 840 F.2d 701, 704 (9th Cir. 1988). "Status quo is defined as the last, uncontested status which preceded the pending controversy." *Susanville Indian Rancheria v. Leavitt*, 2007 WL 662197, at *7 (E.D. Cal. Feb. 28, 2007) (quoting *Regents of the Univ. of Cal.*, 747 F.2d 511, 514 (9th Cir 1984) (cleaned up).

Plaintiff argues that it needs the Navajo County Sheriff's Posse name to continue to operate as an organization. (Doc. 28 at 15). Plaintiff's main contention is that the name belong entirely to the Plaintiff and that Defendant will continue to operate "in conjunction with the Navajo County Sherriff's Department," even without the use of the name. *Id.* Defendants argue, however, that they cannot entirely promote their affiliation with the Navajo County Sherriff's Department if they are not allowed to use a name that signals their close association with the Department. (Doc. 30 at 14). The Court agrees with Defendants. Though they would be authorized by the Navajo County Sheriff's Department to conduct these search and rescue missions, they would not be able to fully operate as the organization that they are, without a name that reflects their association with the Sheriff. The Plaintiff, on the other hand, is already conducting search and rescue missions for other counties, as explained by Plaintiff during oral argument. Based on the foregoing, the balance of equities tips in favor of the Defendants.

### D. Public Interest

"The public interest analysis for the issuance of a[n] injunction requires [the court] to consider whether there exists some critical public interest that would be injured by the grant of [injunctive] relief." *Pure Wafer Inc. v. City of Prescott*, 275 F. Supp. 3d 1173, 1179 (D. Ariz. 2017) (citation omitted). Plaintiff urges its requested injunction is in the

public interest's favor because "[c]ourts have held that the public interest is served by protecting a company's right to proprietary information, business operations, and contractual rights." *Compass Bank v. Hartley*, 430 F.Supp.2d 973, 983 (D. Ariz. 2006).

Plaintiff argues that in the trademark infringement context, the public interest is synonymous with the right of the public to not be deceived. (Doc. 28 at 16). Defendants, on the other hand, point out that their ability to operate as the only search and rescue operation associated with the Navajo County Sherriff's Department will be jeopardized if the injunction is granted. (Doc. 30 at 6). Defendants argue this would deprive the public of a vital public interest. (*Id.*) The Court agrees with Defendants that the Navajo County Sheriff's Office/Department has a right to choose the entity that uses their name and does search and rescue missions on their behalf.

**IV. Conclusion**

For the foregoing reasons, the Court finds Plaintiff has not satisfied the four-part standard set forth in *Winter* for preliminary injunctive relief. The Court will not enjoin Defendants from using the name "Navajo County Sheriff's Posse Search & Rescue" or any of its subsets.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Preliminary Injunction under common law trademark and tradename infringement (Doc. 28) for the Defendant's use of the phrase "Navajo County Sherriff's Posse Search & Rescue," or its subsets is **DENIED**. By stipulation of the parties, Defendants are enjoined from using the term "Hashknife" and the "Quarter Circle T Brand" logo.

Dated this 13th day of January, 2025.

Honorable Diane J. Humetewa
United States District Judge