**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo County Sheriff's Posse Incorporated, | No. CV-24-08146-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Navajo County Hashknife Sheriff's Posse Search & Rescue, et al., | |
| Defendants. | |

Before the Court is Navajo County Sheriff's Posse, Inc's ("Plaintiff") and Navajo County Hashknife Sheriff's Posse Search & Rescue's, ("Defendant") (collectively the "parties"), Joint Motion to File Under Seal their forthcoming applications for attorneys' fees and costs. (Doc. 55). Also pending within that same Motion is a joint stipulation and request for a two-week extension of the current deadline to file the applications. (*Id.*) For the reasons set forth below, the Court will conditionally grant the Motion to file the applications for attorneys' fees and costs under seal and allow the parties a two-week extension to do so.

**I.    Background**

This lawsuit was originally filed as a trademark infringement case on September 19, 2024. (Doc. 1). After the Court denied a Motion for Preliminary Injunction filed by Plaintiff, (Doc. 37), the parties were referred to Magistrate Judge D. Thomas Ferraro for a settlement conference. (Doc. 45). The parties reached a settlement agreement on June 3, 2025, as to all claims except attorneys' fees. (Doc. 54). Now, the parties bring this Joint

Motion, citing to the underlying settlement agreement and its confidentiality provision as one basis for the Court to grant the Joint Motion, among others. (Doc. 55). Having reviewed the underlying Motion, the Court agrees that the Motion should be granted.

## II. Legal Standard

On non-dispositive motions, a party seeking to file under seal a document need only establish "good cause" exists for sealing the record. *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam); *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1135). Numerous district courts within the Ninth Circuit have concluded that the "good cause" standard applies to motions to seal documents relating to a motion for attorneys' fees. *Adtrader, Inc. v. Google LLC*, Case No. 17-cv-07082-BLF, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020); *see, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *33 (N.D. Cal. Aug. 17, 2018) (applying good cause standard because issues in attorneys' fees motion were only tangentially related to the merits of the case); *MacDonald v. Ford Motor Co.*, No. 13-CV-02988-JST, 2016 WL 7826647, at *2 (N.D. Cal. Mar. 7, 2016) (same); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 5116721, at *2 (N.D. Cal. Aug. 28, 2015) (applying good cause standard "[b]ecause Defendant's motion for attorneys' fees and costs is a nondispositive motion.")

## III. Discussion

Though not specifically set forth in the Motion, the parties generally ask the Court to seal their future attorneys' fees applications because they will contain information related to attorney-client privilege, the work product doctrine, confidential business information, and the underlying confidential aspects of the settlement agreement in this case. (Doc. 55 at 2). The Ninth Circuit has qualified that the focus, when sealing nondispositive motions, is whether the motion is more than tangentially related to the merits of the case. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Here, the Court finds that the attorneys' fees applications are only tangentially related to the underlying trademark infringement case. *See Overstreet v. Starbucks Corp.*,

No. CV-22-00676-PHX-JJT, 2023 WL 1069695, at *1 (D. Ariz. Jan. 27, 2023) (granting the motion to seal attorneys' fees after finding it only tangentially related to the case). Moreover, the parties articulated that both applications for attorneys' fees will also contain information that is confidential and non-public. (Doc. 55 at 1); *See Overstreet v. Starbucks Corp.,* No. CV-22-00676-PHX-JJT, 2023 WL 1069695, at *1 (D. Ariz. Jan. 27, 2023) (explaining that "sensitive and nonpublic business information" is a good reason to grant a motion to seal an attorneys' fees application); *see also Medicis Pharm. Corp. v. Acella Pharms., LLC*, No. CV 10-1780-PHX-JAT, 2012 WL 2260928, at *2 (D. Ariz. June 15, 2012) (allowing certain portions of the attorneys' fees motions to be sealed).

However, the parties have not specified what the "sensitive and nonpublic business information" is. Nowhere in the parties' Motion have they outlined why the information should be shielded from the public. This is especially concerning given the presumption in favor of public access. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (explaining the public has a general right of access "to inspect and copy . . . judicial records and documents"). Further, Courts in the District of Arizona have been reluctant to seal the entirety of an attorneys' fees application. *See ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, 2020 WL 8881560, at *1, 2020 U.S. Dist. LEXIS 58956, at *1–2 (D. Ariz. Apr. 3, 2020) (quoting *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 169806, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014)); *see also, e.g., Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 224244 (D. Ariz. Nov. 19, 2021) (denying an unopposed motion to seal the entirety of defendant's fee agreement with counsel). The Court cannot sanction a wholesale endorsement, even if stipulated, of filing two applications for attorneys' fees under seal, without examining the underlying exhibits and applications. But the Court will conditionally grant the parties' request to file unredacted versions of their applications under seal, with redacted versions publicly filed. Once the Court does its review of the applications, it will then decide if the information should be shielded from the public record.

///

Accordingly,

**IT IS ORDERED** that the Joint Motion (Doc. 55) is conditionally granted.

**IT IS FURTHER ORDERED** the parties shall file their prospective applications for attorneys' fees in a redacted form on the public docket and an unredacted form under seal for the Court's review to determine if the record should be sealed.

**IT IS FURTHER ORDERED** the parties shall have until August 1, 2025 to file their applications for fees and costs.

Dated this 16th day of July, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge