**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo County Sheriff's Posse Incorporated, | No. CV-24-08146-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Navajo County Hashknife Sheriff's Posse Search & Rescue, et al., | |
| Defendants. | |

Before the Court is Plaintiff Navajo County Sherriff's Posse, Inc. ("Plaintiff") and Defendant Navajo County Hashknife Sheriff's Posse Search & Rescue's ("Defendant") (collectively the "parties") Joint Motion to Seal ("Joint Motion"). (Doc. 61). The Joint Motion seeks to seal the responses and replies to the parties' pending cross-motions for Attorneys' Fees. (Docs. 57 & 59). For the reasons stated below, the Court will deny the Joint Motion to Seal and the underlying Motions for Attorneys' Fees.

## I.    Background

Plaintiff brought a lawsuit against Defendant for the following claims centered around a dispute involving the use of certain logos and names: (1) trademark infringement under 15 U.S.C. § 1114; (2) false association, false designation of origin, and false advertising in violation of 15 U.S.C. § 1125(a); (3) federal trademark dilution in violation of 15 U.S.C. § 1125(c); (4) common law trademark infringement; (5) state trademark infringement under A.R.S. § 44-1451; (6) state trademark dilution and injury to business reputation; (7) common law unfair competition; (8) unjust enrichment; and finally (9)

prospective interference with business advantage.  (Doc. 1 at 22–45).  At that time, Plaintiff's main contention was that Defendant was using certain tradenames and trademarks in contravention of Plaintiff's legally held rights to use those marks and names. (Doc. 1 at 3).  To assert its rights to the tradenames and trademarks, Plaintiff also filed a Motion for Preliminary Injunction trying to prevent Defendant from using any of the disputed tradenames or trademarks. (Doc. 28).  At the hearing for the preliminary injunction Motion, Defendant stipulated to not using any Hashknife "mark, term, or logo," but maintained that it had a right to use the phrase "Navajo County Sheriff's Posse Search and Rescue," and any iteration thereof.  (Doc. 37 at 1–2).  The Court's preliminary injunction Order focused solely on one thing: should a preliminary injunction issue against Defendant for use of the terms "Navajo County Sheriff's Posse Search and Rescue."  (*Id.*) The Court answered that question in the negative and denied Plaintiff's Motion.  (*Id.* at 2). The parties then found their way into settlement talks and did indeed settle.  (Doc. 54). Now, while seeking attorneys' fees, the parties have filed a Joint Motion to Seal the Responses to their Attorneys' Fees Motions and Plaintiff's Reply to Defendants' Attorneys' Fees Motion. (Doc. 61).

**II.    Legal Standard**

The sealing of documents requires compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (cleaned up); *see also Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, at *1 (N.D. Cal. Aug. 2, 2016) (stating that a party must provide "specific, individualized reasons for the sealing").  Conclusory statements by a party about potential harm from public disclosure, or mere hypothesis or conjecture, will not do.  *Kamakana*, 447 F.3d at 1179; *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana*, 447 F.3d at 1180 (citation omitted); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request

to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted).

The Court will deny the Joint Motion to Seal because the Court finds that the parties have not sufficiently identified for the Court their compelling reasons for sealing. In their Joint Motion, the parties state that their Attorneys Fees Motions, Responses, and Defendant's Reply "contains or references sensitive, non-public, and confidential information, including materials protected by attorney-client privilege, work product doctrine, proprietary business information, and portions of the parties' confidential settlement agreement." (Doc. 61 at 2). They further state that filing this information on the public docket would jeopardize the confidential nature of this information and lead to its unnecessary exposure. (*Id.*) The Court disagrees.

To start, conclusory statements about work product, attorney client privilege, and confidential information, without more, are not sufficient to grant a sealing motion. *Kamakana*, 447 F.3d at 1178 (emphasizing that conclusory statements about confidentiality are not enough to grant a motion to seal). Further, comparing the redacted versions of the Motions, Reponses, and Defendant's Reply filed by the parties, and the unredacted versions, the Court cannot glean the type of work product, attorney client privilege, or confidential information the parties seek to protect. Plaintiff's Motion for Attorneys Fees redacts entire portions of the procedural history in this case. (*Compare* Doc. 59 at 2–9 *with* Doc. 60 at 2–9). That procedural history was openly disclosed and filed on the docket when Plaintiff first filed this lawsuit and later when Plaintiff filed its Preliminary Injunction. (Docs. 1 & 28). Plaintiff also cites to exhibits in its Motion for Attorneys Fees, and yet none are attached to the Motion itself. An entire paragraph designed to support Plaintiff's argument about why it is a prevailing party is also redacted from its Motion. (Doc. 59 at 12 & Doc. 60 at 12). Portions of the Motion referring to the Lanham Act, the statute under which Plaintiff says it is entitled to attorneys fees, are also redacted. (Doc. 59 at 12 & Doc. 60 at 12). Defendant, on the other hand, mainly redacted portions of its Motion for Attorneys Fees that reference the underlying settlement

agreement. (Doc. 60 at 13). But even then, neither party has articulated compelling reasons for why any of the redacted information is necessary to file under seal. And the mere existence of an underlying settlement agreement is not enough to warrant the sealing of either the agreement itself or anything that references the agreement or its terms. *Doe I-XIX v. Boy Scouts of Am.*, 2017 WL 9288099, at *8 (D. Idaho Nov. 20, 2017) ("Similarly, courts have declined to seal court-approved settlement agreements merely because they contain confidentiality agreements, even where those agreements are integral to the parties' agreement to a negotiated settlement."). This is true even if the parties decide to keep the terms of the agreement confidential. *Id.* Therefore, the Court will deny the parties Joint Motion to Seal. Because the parties ask for entire portions of their briefing to be sealed, the Court will also deny the pending Attorneys' Fees Motion. These Motions will be denied without prejudice to renew with proper documentation.

Notwithstanding, and without addressing the entire merits of the parties' Motions for Attorneys Fees, the Court serious questions that either party is entitled to to fees here. Two types of movement impacted the case: a preliminary injunction hearing and the parties' settlement. (Doc. 37, Jan. 13, 2025, Order denying Plaintiff's Motion for Preliminary Injunction; Doc. 54, June 3, 2025, Notice of Settlement). Despite both parties now laying claim to attorney fees from the other side, nothing on the public record suggests that either party is a "prevailing party" for purposes of a preliminary injunction or for purposes of the underlying settlement. *See Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (highlighting the differences between the likelihood of success on the merits determination at the preliminary injunction stage and the ultimate merits determination at other stages of the lawsuit); *see also Chidester v. City of Huntington Beach*, 2025 WL 2633081, at *12 (C.D. Cal. Aug. 25, 2025), *report and recommendation adopted sub nom. Chidester v. City of Huntington Beach*, 2025 WL 3691839 (C.D. Cal. Oct. 17, 2025) ("a dismissal resulting from a negotiation, settlement or agreement is generally not deemed a favorable termination of the proceedings because such a settlement specifically avoids a determination on the merits"). But for now, the Court will simply deny the parties' Joint

Motion to Seal and the underlying Motions for Attorneys' Fees without prejudice to renew.

Accordingly,

**IT IS ORDERED** that Defendant Navajo County Hashknife Sheriff's Posse Search & Rescue's and Plaintiff Navajo County Sherriff's Posse, Inc.'s Joint Motion to Seal (Doc. 61) is **denied.**

**IT IS FURTHER ORDERED** that Defendant Navajo County Hashknife Sheriff's Posse Search & Rescue's Motion for Attorney Fees and Costs (Doc. 57) and Plaintiff Navajo County Sherriff's Posse, Inc.'s Motion for Attorney Fees and Costs (Doc. 59) are **denied without prejudice.**

Dated this 23rd day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge